UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CAPRONI

--------------------------------------------------------x 15 CV 4360

MICHAEL JACKSON

Plaintiff,

**COMPLAINT**

-against-

CITY OF NEW YORK, SERGEANT RADAMES
SIERRA SHIELD NO.4655 formerly DETECTIVE
RADAMES SIERRA Shield No. 22738 AND
UNIDENTIFIED NYC POLICE OFFICERS



**JURY TRIAL DEMANDED**

Defendant(s).

--------------------------------------------------------X

The Plaintiff complaining of the Defendants, by his attorney, DEBRA E. O'BRIEN.

ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1.   Jurisdiction is founded upon the existence of a Federal Question.

2.   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom,

or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth

Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3.   Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4.   Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5.   The plaintiff   MICHAEL JACKSON is a black male and resident of the County of Kings in the

City and State of New York.

6.   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW

YORK, ( hereinafter referred to as "NYC") was and still is a municipal corporation duly organized and

1

existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

7.      Upon information and belief, that at all times hereinafter mentioned, defendant SERGEANT RADAMES SIERRA Shield No. 4655 who was employed as Detective Radames Sierra Shield No. 22738 at time of incident (hereinafter referred to as "Defendant SIERRA") and UNIDENTIFIED NYC POLICE OFFICERS were employed by the defendant, NYC, as members of its police department.

8.      Upon information and belief, that at all times hereinafter mentioned, the defendant NYC operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD"), including all the police officers thereof.

9.      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

11.     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

### STATEMENT OF FACTS

12. That on or about March 22, 2013 at approximately 11 p.m., Plaintiff was driving home from his security guard job when he stopped at a red light on Pitkin Avenue headed toward Powell Street.

2

13.    While  stopped at the red light, a woman approached his vehicle and asked him: "Do you gotta light?"

14.    Realizing that this woman was a prostitute, Plaintiff waved her off without even rolling down the window of the vehicle.

15.    Plaintiff drove away when the light changed and proceeded to Powell Street where he made a right turn.

16.    As soon as Plaintiff turned on Powell Street, he noticed there was a police van and officers on foot.

17.    There were four white male police officers.

18.    The officers instructed Plaintiff to turn the car off and get out of the car.

19.    Plaintiff obeyed their instructions and exited his vehicle.

20.    Defendant SIERRA said to Plaintiff:  "You tried to give a hooker $30.00"

21.    Plaintiff responded that he had not even rolled down his window when the woman approached his vehicle.

22.    The officers asked Plaintiff to identify himself and when Plaintiff said that his name was Michael Jackson, one of the officers started roughing Plaintiff up telling him that he was lying.

23.    Plaintiff produced his driver license to verify that his name was Michael Jackson.

24.    Defendant SIERRA  placed Plaintiff in handcuffs and told him that he was under arrest for patronizing a prostitute in the third degree.

25.    Plaintiff was taken to the 73rd precinct where he was processed (Arrest No. KI3626191) and then transferred to Central Booking.

26.    After many hours at Central Booking, an officer told Plaintiff: "You outta here".

27.    Plaintiff was then released out the side door without ever going before a judge.

28.    Plaintiff was detained for approximately twenty hours.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
## FALSE ARREST

29.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein

30.    The plaintiff's rights have been violated under the Fourth Amendment of the United States

Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983,

in that plaintiff was subjected to being falsely arrested by  SERGEANT RADAMES SIERRA Shield No.

4655 formerly Detective   Radames Sierra Shield No.22738 at the time of this incident.

30.    Defendant SIERRA confined the plaintiff in that plaintiff was not free to leave, defendant

SIERRA intended to confine plaintiff, plaintiff was conscious of said confinement, plaintiff did not

consent to said confinement and said confinement was not otherwise privileged.

31.    As  a direct result of defendant SIERRA's actions, plaintiff was deprived of rights, privileges and

immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more

particularly, plaintiff's right to be free from arrest without probable cause.

32.    The false arrest of the plaintiff was caused by defendant SIERRA without legal justification,

without authority of law and without any reasonable cause or belief that the plaintiff was in fact guilty of

any crime.

33.    The UNIDENTIFIED NYC POLICE OFFICERS who knew of the false arrest and allowed the

illegal detention of the plaintiff to commence and/or continue, are liable to the plaintiff via their failure

to act pursuant to their affirmative  duty to intervene.

34.    By reason of his false arrest, plaintiff spent time in jail, was prevented from conducting his

4

normal affairs of business, plaintiff was searched, handcuffed and subjected to numerous other harms.

35.  That supervisors within the NYPD who knew of the false arrest and continued to allow and/or participate and/or cause the arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation, failed to remedy the wrong, are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment and via the principle of supervisor liability.

36.  By reason of the aforesaid, the Plaintiff is entitled to compensatory damages in a sum to be determined at trial, Plaintiff is entitled to an award of punitive damages and an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF-
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK
### i.e. MONELL CLAIM

37.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

38.   The plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant NYC.

39. Defendant NYC as well as UNIDENTIFIED NYC POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers bringing false charges, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

40.   The NYPD as a **de facto** policy and practice fails to take disciplinary action against members of

the NYPD who are dishonest in swearing to facts resulting in false arrests and malicious prosecutions and unreasonable search warrants.

41.     Despite being alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problem and in so doing encourages its officers to persist in illegal, unconstitutional behavior.

42.     By reason of the aforementioned, the plaintiff was subjected to humiliation, anxiety and forced to be detained for approximately twenty hours.

43. By reason of the aforesaid, Plaintiff is entitled to compensatory damages in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.


           **WHEREFORE,** plaintiff demands judgment against the defendants in compensatory and punitive damages in sums to be determined at trial on the First Cause of Action; in compensatory damages in sum to be determined at trial on the Second Cause of Action; along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiff's causes of actions together with costs and disbursements of this action; a trial by jury of all issues alleged in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: June 1, 2015

Queens, New York


                                        _Debra E. O'Brien_
                                        _____
                                        DEBRA E. O'BRIEN, ESQ. (DO-9536)
                                        Attorney for Plaintiff
                                        139-25 31 Road 1st Floor
                                        Flushing, New York 11354
                                        (718) 539-3030

6

TO:
ZACHARY CARTER
NYC Corporation Counsel
100 CHURCH Street
New York, New York 10007